FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANA P.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | No. 4:25-CV-5094-JAG<br><br>**ORDER AFFIRMING DECISION OF THE ALJ** |

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment, the Commissioner's Brief in response, and Plaintiff's Reply Brief. ECF Nos. 9, 11, and 12. Attorney Chad Hatfield represents Ana P. (Plaintiff); Special Assistant United States Attorney Lori Lookliss represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **AFFIRMS** the ALJ's decision, denying Plaintiff's Motion for Summary Judgment. ECF No. 9.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 5, 2022, alleging disability since January 1,

2020, due to bilateral CTS, tendonitis, neuropathy in all extremities, muscle weakness, pinched nerve, sleep issues, chronic pain, and depression. Tr. 79. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ). Tr. 188. A hearing was held on May 20, 2024, at which medical expert Dr. Paul Weise, vocational expert K. Diane Kramer, and Plaintiff, who was represented by counsel, testified. Tr. 48. ALJ Marie Palachuk presided. Tr. 48. The ALJ denied benefits on June 21, 2024. Tr. 21. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 29, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1981 and was 38 years old on the alleged onset date. Tr. 79. Plaintiff's past jobs include import/export agent. Tr. 70.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents them from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On June 21, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, ALJ Marie Palachuk found Plaintiff had not engaged in substantial gainful activity since January 1, 2020. Tr. 26.

At ***step two***, the ALJ found Plaintiff had the severe impairments of obesity; bilateral carpal tunnel syndrome with left release surgery; depressive disorder; and anxiety disorder. Tr. 27.

At ***step three***, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 28.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> She can occasionally balance and climb stairs, but can never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl. She is limited to frequent handling and fingering with the right upper extremity. She must avoid concentrated exposure to vibration, and must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. She can understand, remember, and carry out simple, routine tasks. She has episodic and intermittent lapses in concentration, persistence, and pace, but is able to complete normal workdays and workweeks within customary tolerances. She is limited to a predictable environment, occasional interaction with the public, and occasional interaction with coworkers in small groups not larger than 4-6 people.

Tr 30.

At ***step four***, the ALJ found that Plaintiff could not perform past relevant work as an import/export clerk or shipping and receiving clerk. Tr. 35.

At ***step five***, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of routing clerk, office cleaner, and collator operator. Tr. 36.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 37.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by: (1) improperly rejecting Plaintiff's subjective complaints; (2) improperly evaluating the medical opinion evidence; and, (3) failing to meet her burden at step five. ECF No. 9 at 6.

## VII. DISCUSSION

### A. <u>Plaintiff's Subjective Statements.</u>

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 9 at 15. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

> In evaluating the claimant's testimony, the ALJ may use " 'ordinary techniques of credibility evaluation.' " *Turner,* 613 F.3d at 1224 n. 3 (*Smolen,* 80 F.3d at 1284). For instance, the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct, *id.*; "'unexplained or

> inadequately explained failure to seek treatment or to follow a prescribed course of treatment,' *Tommasetti,* 533 F.3d at 1039 (quoting *Smolen,* 80 F.3d at 1284); and "whether the claimant engages in daily activities inconsistent with the alleged symptoms," *Lingenfelter,* 504 F.3d at 1040. While a claimant need not " 'vegetate in a dark room' " in order to be eligible for benefits, *Cooper v. Bowen,* 815 F.2d 557, 561 (9th Cir.1987) (quoting *Smith v. Califano,* 637 F.2d 968, 971 (3d Cir.1981)), the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting, *see Morgan v. Comm'r Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir.1999); *Fair,* 885 F.2d at 603.

*Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996), *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)

Plaintiff argues the ALJ failed to account for her testimony regarding the symptoms generally associated with carpal tunnel syndrome, but also her shoulder pain and edema. The ALJ provided specific, clear and convincing reasons to reject claimant's testimony pertaining to the intensity, persistence, and limiting effects of her subjective complaints. The ALJ focused on four basic rationales for not accepting Plaintiff's symptom testimony in whole cloth. (Although, as the ALJ pointed out, the limitations assigned largely account for the great majority of Plaintiff's complaints. Tr. 31) *First*, the treatment record does not reflect the severity of Plaintiff's allegations of limitations; *second*, the course of treatment is not wholly consistent with Plaintiff's allegations; *third*, Plaintiff's level of activity does not reflect the severity of the limitations alleged, and *fourth,* Plaintiff's allegations have not been consistent regarding her functional abilities. Tr. 32–33.

In support of each of these contentions, the ALJ cites to the record to identify which complaints are not credible providing specific evidence why each rejected complaint is not accepted. *See* Tr. 31-33. Each of these rationales are sufficient to support the ALJ's determinations and taken together they provide overwhelming support for the ALJ's findings.

**B. <u>Medical Opinions</u>**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b), 20 C.F.R. § 404.1520c(c). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(c). The ALJ may explain how they considered the other factors, but are not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

> medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

Although multiple providers rendered opinions regarding Plaintiff's limitations for working, Plaintiff focuses only on Kristine McMurray, NP. ECF No. 9 at 8-12. Plaintiff fails to find error with, and therefore the Court accepts as error free, the ALJ's analysis of opinions from all other medical providers. This includes the opinion Dr. Paul Wiese, which the ALJ accepted as persuasive in large part. Dr. Wiese opined that that Plaintiff had no severe mental impairments. Given that Dr. Wiese's and Ms. McMurray's opinions on the same issue diametrically contradict each other, the ALJ had to find one more persuasive than the other. Weighing the evidence against the record as well as Plaintiff's

testimony necessarily required the ALJ to balance the opinions and arrive at a finding that the record supported. ALJ did just that. She accepted neither opinion in its entirety, but rather examined each opinion based on its consistency with the record and whether the record supported that opinion, then determined a functional capacity based on the accepted portions of the opinion as well the record as a whole.

**1. *Kristine McMurray, NP.***

Nurse Practitioner Kristine McMurray performed a psychological consultative examination of Plaintiff in October 2022. The ALJ closely examined Ms. McMurray's opinion and compared Ms. McMurray's findings to the record. The ALJ gave a detailed explanation, including review of the record, supporting her finding that "assessment overstates the claimant's level of limitation and is not persuasive." Tr. 34. The ALJ observed that Plaintiff did not seek psychological treatment, nor did she appear anything other than appropriate in her affect and presentation when visiting other doctors or even Ms. McMurray. Tr. 34. Of note to the ALJ was Ms. McMurray's heavy reliance on Plaintiff's reports rather than clinical observations recorded in her notes. Tr. 34. An ALJ may reject a medical source's opinion as based on unreliable self-reports when the medical source relied "more heavily on a patient's self-reports than on clinical observations." *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014).

**C. Step Five.**

Lastly, Plaintiff argues that the ALJ erred at Step Five by relying on a flawed hypothetical because it did not encompass all of Plaintiff's subjective complaints and the limitations opined by Ms. McMurray. As the Court found no error in the ALJ's findings on Plaintiff's subjective complaints or discounting Ms. McMurray's opinion, this argument is moot.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Defendant's request to affirm, **ECF No. 11**, is **GRANTED**.
2. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 28, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE